**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**UNITED STATES OF AMERICA**

**-vs-**  Case No. 6:92-CR-104-ORL-19KRS

**JOHN WHITTAKER**
_____

## ORDER

This case comes before the Court on the following:

1. Motion for Performance of Sentence Reduction Based on Substantial Assistance by John Whittaker (Doc. No. 1625, filed April 18, 2011); and

2. Memorandum in Opposition to Motion to Compel the United States to File Rule 35(b) Motion for Substantial Assistance by United States of America (Doc. No. 1626, filed April 21, 2011).

### Background

On October 1, 1992, John Whittaker was charged with conspiracy to unlawfully possess with intent to distribute in excess of 50 grams of a mixture or substance containing a detectable amount of cocaine base and in excess of five kilograms of a mixture or substance containing a detectable amount of cocaine hydrochloride in violation of 21 U.S.C. § 841(a)(1). (Doc. No. 514.) Defendant was found guilty of the crime charged, (Doc. No. 844), and was sentenced to life imprisonment on May 21, 1993, (Doc. No. 977). Defendant's term of imprisonment was subsequently reduced to 292 months. (Doc. No. 1221.)

On April 21, 2011, Defendant filed the present Motion for Performance of Sentence Reduction Based on Substantial Assistance. (Doc. No. 1625.) Defendant contends that the United States failed

to file a motion for reduction of sentence despite his cooperation with the government's investigation of correction officials at a recycling facility ("UNICOR investigation"). (*Id*. at 2.) Defendant seeks an order compelling the United States to file a Rule 35(b) motion. (*Id*.) In response, the United States contends that the Motion should be denied because the Defendant failed to make a substantial threshold showing that the United States had an unconstitutional motive for declining to file a Rule 35(b) motion. (Doc. No. 1626.)

## Analysis

"Determining whether a motion for reduction of sentence will be filed is reserved to the government, which must ascertain what information the defendant has as well as the truthfulness and usefulness of this information before deciding whether it is appropriate to file a . . . Rule 35(b) motion." *United States v. Orozco*, 160 F.3d 1309, 1315-16 (11th Cir. 1998) (citing *Wade v. United States*, 504 U.S. 181, 185 (1992)). The government has "'a power, not a duty to file a motion when a defendant has substantially assisted.'" *United States v. Forney*, 9 F.3d 1492, 1498 (11th Cir. 1993) (quoting *Wade*, 504 U.S. at 185). However, "a prosecutor's discretion when exercising that power is subject to constitutional limitations that district courts can enforce." *Wade*, 504 U.S. at 185. Thus, "federal district courts have authority to review a prosecutor's refusal to file a substantial assistance motion and to grant a remedy if they find that the refusal was based on an unconstitutional motive" such as "the defendant's race or religion." *Id*. at 185-86.

Judicial review of the government's refusal to file a Rule 35(b) motion is only appropriate where there is an "allegation *and* a substantial showing" of an unconstitutional motive. *United States v. Dorsey*, 554 F.3d 958, 961 (11th Cir. 2009) (citing *Forney*, 9 F.3d at 1502) (emphasis in original). "A defendant who merely claims to have provided substantial assistance or who makes only

generalized allegations of an improper motive is not entitled to a remedy or an evidentiary hearing." *Id*.

In the present case, Defendant fails to make a substantial showing of an unconstitutional motive. First, Defendant contends that the government's refusal to provide counsel to represent him during his cooperation with the UNICOR investigation violated his Sixth Amendment right to counsel. (Doc. No. 1625 at 4.) However, Defendant's contentions regarding his Sixth Amendment right to counsel do not demonstrate that the *decision* not to file a Rule 35(b) motion was "based on an unconstitutional motive," as required to obtain relief under *Wade*. Rather, Defendant's contentions reference an alleged Sixth Amendment violation that precedes, and is distinct from, the *decision* not to file a Rule 35(b) motion. *See United States v. Perez-Morlaes*, 322 F. App'x 713, 715 (11th Cir. 2009) (rejecting the defendant's argument that the failure to file a Rule 35(b) motion itself can create a constitutional violation, finding that *Wade* requires the *decision* not to file such a motion to be based on an unconstitutional motive). Furthermore, "it has been firmly established that a person's Sixth and Fourteenth Amendment right to counsel attaches only at or after the time that adversary judicial proceedings have been initiated against him." *Kirby v. Illinois*, 406 U.S. 682, 688 (1972) (internal citations omitted). In the present case, there is no suggestion that adversary judicial proceedings were ever initiated or even contemplated against the Defendant with reference to the matters he raises in his motion. To the contrary, the arguments in the record reflect that the Defendant provided information relating to correctional officers stealing from a recycling factory and that the Defendant was not a target of the investigation. Thus, the Defendant's Sixth Amendment right to counsel did not attach during the UNICOR investigation, and the decision not to provide Defendant with counsel during this investigation did not violate his Sixth Amendment right to counsel.

Defendant next argues that the United States acted in bad faith when it declined to file a Rule 35(b) motion. (*Id.* at 5.) However, the Eleventh Circuit "has held that an allegation of bad faith is not an allegation of unconstitutional motivation," and has expressly rejected decisions from other circuits that have reached an opposite result. *United States v. Davis*, 359 F. App'x 128, 130 (11th Cir. 2010) (citing *Forney*, 9 F.3d at 1500-01 & 1503 n.4). The Eleventh Circuit has interpreted bad faith challenges to be no more than "generalized allegations of an improper motive" that do not to entitle defendants to a remedy or even an evidentiary hearing. *Id.* at 130 (citing *Wade*, 504 U.S. at 185-86); *see also United States v. Weeks*, 295 F. App'x 942, 947 (11th Cir. 2008) (finding that the defendant's "claim that the government acted in bad faith failed to allege, much less make a 'substantial threshold showing,' that the government's refusal to file a Rule 35(b) motion was based on a constitutional impermissible motive"). Furthermore, even if the Eleventh Circuit considered bad faith to be an unconstitutional prosecutorial motive, Defendant has not made a substantial showing that the government in fact acted in bad faith.

Finally, Defendant argues that the government's failure to file a motion for reduction of sentence was not rationally related to any legitimate government interest. (Doc. No. 1625 at 6.) However, much like his argument regarding bad faith, Defendant's argument regarding a legitimate government interest fails to demonstrate that the government's *decision* not to file a Rule 35(b) motion was based on constitutionally impermissible motive and may therefore be reviewed by this court. *See United States v. Bernard*, 370 F. App'x 998, 999 (11th Cir. 2010) (rejecting the defendant's argument that the government's decision not to file a substantial assistance motion was based on a constitutionally impermissible motive because the decision was not rationally related to

any legitimate government interest).  Accordingly, the Defendant has not made a substantial showing of an unconstitutional motive and is not entitled to a remedy or an evidentiary hearing.

## Conclusion

Based on the foregoing, the Motion for Performance of Sentence Reduction Based on Substantial Assistance by John Whittaker (Doc. No. 1625, filed April 18, 2011) is **DENIED**.

**DONE** and **ORDERED** in Orlando, Florida on this 27th  day of April, 2011.

PATRICIA C. FAWSETT, JUDGE
UNITED STATES DISTRICT COURT

Copies furnished to:

John Whittaker