**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**UNITED STATES OF AMERICA**

**-vs-**                                                     **Case No. 6:92-CR-104-ORL-19KRS**

**JOHN WHITTAKER**
_____

## ORDER

This case comes before the Court on the following:

1. Motion for Reconsideration by John Whittaker (Doc. No. 1628, filed May 9, 2011);

2. Amended Motion to Defendant's Motion Requesting Reconsideration of his Motion in Reference to Substantial Assistance by John Whittaker (Doc. No. 1630, filed June 15, 2011); and

3. Memorandum in Opposition to Motion to Compel the United States to File Rule 35(b) Motion for Substantial Assistance by United States of America (Doc. No. 1631, filed June 30, 2011).

### Background

On October 1, 1992, John Whittaker ("Defendant") was charged with conspiracy to unlawfully possess with intent to distribute in excess of 50 grams of a mixture or substance containing a detectable amount of cocaine base and in excess of five kilograms of a mixture or substance containing a detectable amount of cocaine hydrochloride in violation of 21 U.S.C. § 841(a)(1). (Doc. No. 514.) Defendant was found guilty of the crime charged, (Doc. No. 844), and was sentenced to life imprisonment, (Doc. No. 977). Defendant's term of imprisonment was subsequently reduced to 292 months. (Doc. No. 1221.)

On April 21, 2011, Defendant filed a Motion for Performance of Sentence Reduction Based on Substantial Assistance. (Doc. No. 1625.) In the Motion, Defendant argued that the Government failed to file a motion for reduction of sentence despite his cooperation with the government's investigation of correction officials. (*Id.* at 2.) The Government responded in opposition ("Government's Memorandum"). (Doc. No. 1626.) On April 27, 2011, the Court denied Defendant's Motion for Performance of Sentence Reduction, finding that Defendant failed to make a substantial showing of an unconstitutional motive. (Doc. No. 1627.)

On May 9, 2011, Defendant filed a Motion for Reconsideration, arguing that he was unable to reply to the Government's Memorandum, (Doc. No. 1626), because he never received a copy of the Memorandum, (Doc. No. 1628 at 1). While acknowledging that the Defendant did not have a right to file a reply to the Government's Memorandum, in the interest of fairness, the Court granted Defendant leave to file an amended motion for reconsideration in light of the Government's Memorandum and directed that a copy of the Memorandum be resent to the Defendant. (Doc. No. 1629, filed May 11, 2011.)

On June 15, 2011, Defendant filed the present Amended Motion to Defendant's Motion Requesting Reconsideration of his Motion in Reference to Substantial Assistance. (Doc. No. 1630.) Defendant argues that the Government's refusal to file a Federal Rule of Criminal Procedure 35(b) motion was not rationally related to any legitimate government interest and therefore Defendant is entitled to relief under *Wade v. United States*, 504 U.S. 181 (1992). (*Id.* at 3.) Defendant also contends that the Government orally agreed to file a Rule 35(b) motion in exchange for Defendant's substantial assistance. (*Id.* at 1.) In response, the Government maintains that no such promise was made to the Defendant regarding the filing of a substantial assistance motion. (Doc. No. 1631 at 1.)

Additionally, the Government contends that "the [D]efendant's cooperation was not so significant as to qualify the [D]efendant for a substantial assistance motion." (*Id.*)

**Analysis**

"Determining whether a motion for reduction of sentence will be filed is reserved to the government, which must ascertain what information the defendant has as well as the truthfulness and usefulness of this information before deciding whether it is appropriate to file a . . . Rule 35(b) motion for a convicted defendant." *United States v. Orozco*, 160 F.3d 1309, 1315-16 (11th Cir. 1998) (citing *Wade v. United States*, 504 U.S. 181, 185 (1992)). "'The substantial assistance regime is not a spoils system designed simply to reward a cooperative defendant; it is designed to benefit the government in its prosecutorial efforts.'" *Id.* at 1316 (quoting *United States v. White*, 81 F.3d 920, 924 (D.C. Cir. 1995)).

"Under 18 U.S.C. § 3553(e) [], the government has 'a power, not a duty, to file a motion when a defendant has substantially assisted.'" *United States v. Nealy*, 232 F.3d 825, 831 (11th Cir. 2000) (quoting *Wade*, 504 U.S. at 185). In *Wade*, the Supreme Court limited the exercise of that power only to the extent that district courts may "review a prosecutor's refusal to file a substantial-assistance motion and to grant a remedy if they find that the refusal was based on an unconstitutional motive," or that the refusal was not rationally related to any legitimate government end. *Wade*, 504 U.S. at 185-87 (citing race and religion as examples of unconstitutional motive). The burden is on the defendant to make a "substantial threshold showing" that the government improperly withheld a substantial-assistance motion before he can receive a remedy. *Id.* at 186. Further, mere claims that a defendant "provided substantial assistance will not entitle a defendant to a remedy or even to

discovery or an evidentiary hearing. Nor would additional but generalized allegations of improper motive." *Id*. at 186 (citations omitted).

In the present case, Defendant contends that he provided the Government with substantial assistance, assistance that unquestionably warranted relief, and therefore the Government's refusal to file a substantial assistance motion was not rationally related to a legitimate government end. (Doc. No. 1630 at 3.) However, Defendant's mere "insistence that he provided substantial assistance does not entitle him to an evidentiary hearing" or other relief. *United States v. Flores*, 559 F.3d 1016, 1020 (11th Cir. 2009) ("'[A] claim that a defendant merely provided substantial assistance will not entitle a defendant to a remedy or even to discovery or an evidentiary hearing.'" (quoting *Wade*, 504 U.S. at 186)). Moreover, Defendant does not identify a constitutionally impermissible motive and does not otherwise explain why the Government's decision was not rationally related to a legitimate end. On the other hand, the Government contends that, upon consideration of the information provided by the federal investigator and the Assistant United States Attorney involved in the investigation and prosecution referenced by the Defendant, the Government determined that Defendant's cooperation was not significant enough to qualify him for a substantial assistance motion. (Doc. No. 1626 at 1-2); (Doc. No. 1631 at 1); *see also Wade*, 504 U.S. at 186-87 (finding that merely introducing evidence relating the extent of the defendant's assistance did not demonstrate that the prosecutor's refusal to move was not rationally related to any legitimate government end because "although a showing of assistance is a necessary condition for relief, it is not a sufficient one. The Government's decision not to move may have been based not on a failure to acknowledge or appreciate Wade's help, but simply on its rational assessment of the cost and benefit that would flow from moving." (citations omitted)); *United States v. Forney*, 9 F.3d 1492, 1503 n.4 (11th Cir. 1993) (limiting review of failure

to file substantial assistance motion and acknowledging "reluctance to enter into the prosecutorial discretion arena of the executive branch").  Thus, even if the Court were to assume that the Defendant did in fact provide substantial assistance to the Government, the mere fact that the Defendant offered such assistance, alone, does not render the Government's refusal to file a Rule 35(b) motion unrelated to any legitimate government interest.  Accordingly, Defendant failed to make a "substantial threshold showing" that the Government's refusal to file a substantial assistance motion was not based on a legitimate government interest.

Defendant next contends that because the Government orally agreed to file a Rule 35(b) motion in exchange for Defendant's assistance, the Government is bound to fulfill its contractual obligation under *Santobello v. New York*, 404 U.S. 257 (1971).  However, Defendant did not attach any documentation or other evidence to his motion to support the existence of such an agreement or provide any further details regarding that nature of the alleged agreement.  *See United States v. Acevedo*, No. 08-15195, 2009 WL 297711, at *2 (11th Cir. Feb. 9, 2009) ("'A mere allegation of an 'understanding' or 'promise' without some documentation or statement in the court record is insufficient to merit and evidentiary hearing, much less a Rule 35 hearing.'" (quoting *Bischel v. United States*, 32 F.3d 259, 264 (7th Cir. 1994)).  Moreover, the Government contends that it "has conferred with the appropriate authorities referenced by the defendant, and has been advised that no such promise was ever made to the defendant regarding the filing of a substantial assistance motion." (Doc. No. 1631 at 1.)  In light of Defendant's failure to provide any evidence to the contrary, this Court credits the Government's denial.  *See United States v. Bernard*, 370 F. App'x 998, 999 (11th Cir. 2010) (rejecting the defendant's argument that the government should be compelled to perform its alleged agreement to file a Rule 35(b) motion where the defendant failed to show that the

government's refusal to file a Rule 35(b) motion was based on a constitutionally impermissible motive); *Acevedo*, 2009 WL 297711, at *2 (affirming the district court's decision to credit the government's denial of an oral agreement to file a Rule 35(b) motion where the defendant provided no evidence to support the existence of such an agreement). Additionally, the Government asserts that the Defendant's cooperation was not so significant as to qualify the Defendant for a substantial assistance motion. (Doc. No. 1631 at 1.) Thus, even assuming the Government had promised to file a Rule 35(b) motion if the Defendant provided substantial assistance, the assistance actually provided failed to qualify the Defendant for such a motion. Accordingly, Defendant is not entitled to an evidentiary hearing or other relief.

## Conclusion

Based on the foregoing, the Motion for Reconsideration by John Whittaker, (Doc. No. 1628, filed May 9, 2011), and the Amended Motion to Defendant's Motion Requesting Reconsideration of his Motion in Reference to Substantial Assistance by John Whittaker, (Doc No. 1630, filed June 15, 2011), are **DENIED**.

DONE and ORDERED in Orlando, Florida on this __6th_____ day of July, 2011.

PATRICIA C. FAWSETT, JUDGE
UNITED STATES DISTRICT COURT

Copies furnished to:

John Whittaker
Counsel of Record